IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| JONATHON R. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Crim. No. 02-125-SLR |
| | ) | Civ. No. 04-1246-SLR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

Thomas A. Dreyer, Esquire, Chadds Ford, Pennsylvania.  Counsel for Petitioner.

Colm F. Connolly, United States Attorney and Beth Moskow-Schnoll, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware.  Counsel for Respondent.

---

MEMORANDUM OPINION

Dated: September 23, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Jonathon Harris is a federal inmate currently in custody at a federal correctional institution in Pennsylvania. Before the court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (D.I. 56) Respondent United States of America has filed its opposition. (D.I. 59) The court has jurisdiction pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's application for relief is denied.

## II. BACKGROUND

On September 24, 2002, a federal grand jury returned a two count indictment charging petitioner with bank fraud in violation of 18 U.S.C. § 1344.[2] (D.I. 9) Petitioner entered a plea of guilty to count one of the indictment on April 28, 2003.[3] (D.I. 37) The court sentenced petitioner on July 28, 2003 to 37 months

---

[1] Prisoners in federal custody may attack the validity of their sentences via 28 U.S.C. § 2255. Section 2255 is a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). See also United States v. Addonizio, 442 U.S. 178 (1979); United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

[2] The indictment sets the amount of loss caused by petitioner at, approximately, $47,554.00.

[3] Respondent's motion to dismiss count two of the indictment was granted on July 28, 2003. (D.I. 43 )

of imprisonment followed by a term of five years on supervised release.[4] (D.I. 44)

Petitioner filed a pro se notice of appeal with the Court of Appeals for the Third Circuit on July 13, 2004. (D.I. 49) He filed a motion with this court for appointment of counsel. (D.I. 50) On August 12, 2004, the court granted the motion and appointed counsel to represent petitioner "pursuant to the Criminal Justice Act in light of the recent decision of the United States Supreme Court in Blakely v. Washington." (D.I. 51)

The Third Circuit dismissed the appeal consistent with an agreement reached between the parties. (D.I. 55) On September 9, 2004, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, with a request for resentencing. (D.I. 56)

## III. DISCUSSION

### A. Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record, and concludes that an evidentiary hearing is not required. United States v. McCoy, 410

---

[4]In so doing, the court found the amount of loss was between $200,000 and $400,000. (D.I. 56, 59) Additionally, the court made certain findings pursuant to the United States Sentencing Guidelines ("U.S.S.G."): (1) petitioner obstructed justice, U.S.S.G. § 2B1.1(b)(1)(G); (2) committed the instance offense while on supervised release, U.S.S.G. § 4A1.1(d); and (3) committed the instant offense less than two years after release from imprisonment on another sentence, U.S.S.G. § 4A1.1(e).

F.3d 124, 131 (3d Cir. 2005)(denying a petitioner's request for an evidentiary hearing is an abuse of discretion when files and records of case conclusively establish movant is entitled to relief). Instead, the court will evaluate the issues on the record presented. <u>Government of the Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1989)(evidentiary hearing not required where petition and record demonstrate that petitioner was not entitled to relief; decision to hold hearing is in sound discretion of court).

**B.   Sentencing**

Petitioner moves for habeas relief, arguing that his sentence runs contrary to the United States Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004).[5] (D.I. 56) Specifically, he avers that <u>Blakely</u> mandates that any fact that increases the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. Because the court made certain factual findings[6], which were not proven to a jury beyond a reasonable doubt and were not stipulated to by the

---

[5] There, the Supreme Court held that facts supporting the defendant's state sentence that were neither admitted by the defendant nor found by a jury violated his Sixth Amendment right to a trial by jury. To that end, the Court embraced its earlier decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), which held that "other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."

[6] <u>See</u> <u>infra</u> fn 4.

3

parties, petitioner's sentence violates his Sixth Amendment rights.

Respondent contends that petitioner's motion should not be considered because he filed outside the time limitations required for habeas relief. (D.I. 59) Applications for habeas relief must be filed within one year of the date on which the judgment of conviction becomes final. Kapral v. United States, 166 F.3d 565 (3d Cir. 1999); 28 U.S.C. § 2255(1). Because petitioner was sentenced on July 28, 2003, his motion for relief dated September 9, 2004 is time barred and, according to respondent, should not be reviewed. In response, petitioner asserts that his motion is not time barred because the "one-year period of limitations" runs from the "date on which the right asserted was initially recognized by the Supreme Court." See 28 U.S.C. § 2255(3).

Since petitioner is relying exclusively on the Supreme Court's June 24, 2004 Blakely decision and the new rights he contends were created by that opinion, the court finds that his motion is not time barred. At the time petitioner's motion was filed, the effect of Blakely on defendants sentenced under the United States Sentencing Guidelines was unclear. In fact, federal district and appellate courts were forging in various directions until the Supreme Court resolved the issue conclusively with its decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005). There, the Supreme Court held

that "the Sixth Amendment as construed in <u>Blakely</u> does apply to the [Federal] Sentencing Guidelines." 125 S.Ct. at 746. <u>Booker</u> was decided by two opinions of the Court approved by different majorities. <u>Id.</u> The first opinion, authored by Justice Stevens, reaffirmed the Court's holding in <u>Apprendi</u> that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Id.</u> at 756. In the second opinion, authored by Justice Breyer, the Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 which made the Guidelines mandatary, was incompatible with the Court's constitutional ruling and, therefore, the Court severed §§ 3553(b)(1) and 3742(e). The "net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines for the information and use of the district courts in whom discretion has now been reinstated." <u>United States v. Ordaz</u>, 398 F.3d 236, 239 (3d Cir. 2005); <u>In re Olopade</u>, 403 F.3d 159 (3d Cir. 2005).

On April 11, 2005, the Third Circuit opined that the rule of <u>Booker</u>, which extended the rule of <u>Apprendi</u> to the Federal Sentencing Guidelines, was not retroactively applicable to cases on collateral review. <u>In re Olopade</u>, 403 F.3d at 159. In so doing, the Third Circuit noted that the Supreme Court has held

5

that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). This is accomplished by the Supreme Court explicitly holding so or "where two or more of its decisions when read together . . . absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review." In re Olopade, 403 F.3d at 162.

The Supreme Court has not expressly held that Booker is applicable to cases on collateral review. Id. at 163-164. In fact, Booker itself was decided on direct appeal and did not expressly declare that its holding should be applied retroactively to cases on collateral review. Moreover, "there is no combination of Supreme Court cases that 'dictates' that Booker has retroactive force on collateral review." Id.; accord Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Cruz, 2005 WL 2243113 (9th Cir. Sept. 16, 2005). In light of this precedent, the Supreme Court's Booker decision has no application to petitioner's sentence.

6

## IV.  CONCLUSION

For the reasons stated, petitioner's application for relief is denied.  An appropriate order shall issue.

7